[Doc. No. 26]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NORMAN L. SCOTT, <br><br> Plaintiff, <br><br> v. <br><br> BRIAN L. CALPIN, <br><br> Defendant. | Civil No. 08-4810(RMB) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court upon Defendant Brian L. Calpin's Motion to Dismiss for failure to acquire an Affidavit of Merit from an attorney admitted to practice in the State of New Jersey [Docket No. 26]. Defendant, an attorney licensed in New Jersey, represented Plaintiff Norman L. Scott in a divorce proceeding before the New Jersey Superior Court for a period of approximately ten days in June 2007. Def.'s Cert. in Support of Motion to Dismiss at ¶ 2. Subsequent to the representation, Plaintiff filed a Complaint alleging professional malpractice against Defendant.

In New Jersey, "a plaintiff pursuing a damages action against a licensed professional, such as an attorney, [must] file an affidavit of appropriate licensed person stating that there 'exists a reasonable probability that the care, skill or

1

knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.'" Carletta v. Cowen, No. 03-5306, 2007 WL 203942, at *1 (D.N.J. Jan. 24, 2007) (quoting N.J.S.A. § 2A:53A-27). Federal courts sitting in diversity must apply what is commonly known as New Jersey's Affidavit of Merit Statute. Chamberlain v. Giampapa, 210 F.3d 154, 157 (3d Cir. 2000).

Here, the Court granted Plaintiff an extension of time to produce his Affidavit of Merit [Docket No. 19]. On August 11, 2009, the last date available under the Court's extension, Plaintiff electronically filed the Affidavit of Bruce P. Friedman, Esquire, an attorney licensed in the State of Pennsylvania since 1979 who practices family law and has "represented hundreds of divorce clients." See Friedman Aff. at ¶ 2 [Docket No. 20]. Mr. Friedman made the following statements in his Affidavit:

> In my review of documents related to [this] case, including Seller's Residency Certification/Exemption, Final Judgment of Divorce, including child support and visitation Order, I determined that Mr. Scott did not receive appropriate legal representation in the divorce in that counsel failed to obtain a pension evaluation for Mrs. Trina Scott.
>
> I also determined that [Defendant] failed to provide appropriate representation within the acceptable standard of care required of attorneys representing clients in divorce and equitable distribution proceedings in light of the facts that Mrs. Scott was the income superior spouse, had advanced college degrees and was more likely to be able to provide for herself after a divorce.

>I certify that all my foregoing opinions are expressed within a reasonable degree of legal certainty, based on my thirty years of experience as a divorce attorney.

Id. at ¶¶ 4-6.

Defendant objects to this Affidavit, arguing that "[p]ursuant to N.J.S.A. 2A:53A-26, such an Affidavit of Merit for a legal malpractice matter must be from an attorney licensed to practice law in the State of New Jersey." Def.'s Cert. in Support of Motion to Dismiss at ¶ 3. Specifically, Defendant argues that because N.J.S.A. 2A:56A-26, which defines "licensed person" for purposes of the Affidavit of Merit Statute, includes "an attorney admitted to practice law in New Jersey," that therefore "an Affidavit of Merit must be executed by an attorney licensed to practice in the State of New Jersey." Id. at ¶ 9. Plaintiff acknowledges that Mr. Friedman is a licensed attorney in Pennsylvania but notes that "the person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area of specialty involved in the action . . . for a period of at least five years." Pl.'s Opp. Br. at 2 (quoting N.J.S.A. 2A:53A-27).

The Court's role in interpreting a statute "is to discern the Legislature's intent." D. Lobi Enterprises, Inc. v. Planning/Zoning Bd. of Borough of Sea Bright, 408 N.J. Super. 345, 352 (App. Div. 2009) (citing Marshall v. Klebanov, 188 N.J. 23, 36 (2006)). To do this, the Court accords words used in the

statute "their ordinary meaning and significance, and read[s] them in context with related provisions so as to give sense to the legislation as a whole." Id. (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005) (citations omitted)). "If the statute is clear based on the usual and well understood meaning of its language, then 'the court's sole function is to enforce the statute in accordance with those terms.'" Id. (quoting Middletown Twp. PBA Local 124 v. Twp. of Middletown, 193 N.J. 1, 12 (2007)).

"The overall purpose of the [Affidavit of Merit] statute is 'to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation.'" Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 242 (1998) (quoting In re Petition of Hall, 147 N.J. 379, 391, (1997)). Contrary to Defendant's position, the Affidavit of Merit Statute "authorizes an appropriate licensed person to hold an out-of-state license." Borough of Berlin v. Remington & Vernick Eng'rs, 337 N.J. Super. 590, 598 (App. Div.), certif. denied, 168 N.J. 294 (2001). See also Carletta, 2007 WL 203942, at *1 n.5 ("The licensed person can be licensed in any state and must have at least give years expertise in the general subject area involved in the lawsuit . . . ."). Indeed, if Defendant's reading of N.J.S.A. § 2A:53A-27 were correct, that the licensed

4

attorney opining in a legal malpractice case must be licensed in New Jersey, the phrase "the person executing the affidavit shall be <u>licensed in this or any other state</u>" would be read out of the statute. Rather, this Court must "give meaning to all of the words of a statute." <u>Smith v. Hudson County Register</u>, 2010 WL 456751, at *13 (App. Div. Feb. 10, 2010).

Defendant's confusion over the application of N.J.S.A. 2A:53A-26, which defines "licensed person" under the Affidavit of Merit Statute, appears to stem from the fact that the phrase "licensed person" is used both to define the class of persons where an Affidavit of Merit would be required to maintain an action for malpractice or negligence and to define the types of persons who may provide the Affidavit. <u>See</u> <u>RTC Mortg. Trust 1994 N-1 v. Fidelity Nat'l Title Ins. Co.</u>, 981 F.Supp. 334, 339 n.5 (D.N.J. 1997); <u>see also</u> <u>Jama v. U.S. Immigration & Naturalization Serv.</u>, 334 F.Supp.2d 662, 685 (D.N.J. 2004) ("N.J.S.A. § 2A:53A-27 provides that an affidavit of merit is required in certain actions against 'licensed persons' within the meaning of the statute. 'Licensed persons' for the purposes of the statute are defined in N.J.S.A. § 2A:53A-26. They include such persons as doctors, lawyers, dentists, and accountants."). Although N.J.S.A. § 2A:53A-26(c) states that a "licensed person," as used in the Affidavit of Merit Statute, "means any person who is licensed as . . . an attorney admitted to practice law in New

Jersey," the Court does not understand this language to <u>require</u> that any affidavit submitted in support of a legal malpractice action must be submitted by an attorney admitted to practice in New Jersey.  Such a result would clearly conflict with the legislature's direction in N.J.S.A. § 2A:53A-27, which permits affidavits from a person "licensed in this or any other state."

As for Defendant's contention that "only a New Jersey attorney is qualified to opine as to whether another New Jersey attorney engaged in an act of professional negligence," such argument requires a credibility determination that must be made by a jury.  <u>See</u> <u>United States v. Jannotti</u>, 673 F.2d 578, 598 (3d Cir.) ("Credibility determinations are for the jury."), <u>cert. denied</u>, 457 U.S. 1106 (1982).

In conclusion, the Court notes that the Affidavit of Merit Statute

> imposes a set of procedural requirements in order for a plaintiff to maintain a professional malpractice action. First, the plaintiff must show that the complaint is meritorious by obtaining an affidavit from an appropriate, licensed expert attesting to the "reasonable probability" of professional negligence.  Second, the affidavit must be provided to the defendant within sixty days of the filing of the answer or, for good cause shown, within an additional sixty-day period.  Third, the plaintiff's failure to serve the affidavit within 120 days of the filing of the answer is considered tantamount to the failure to state a cause of action, subjecting the complaint to dismissal with prejudice.

<u>Ferreira v. Rancocas Orthopedic Assocs.</u>, 178 N.J. 144, 149-150 (2003) (citations omitted).  Applying these factors to the case

at bar, the Court finds that Plaintiff has satisfied the Affidavit of Merit Statute.  Plaintiff produced an affidavit from an appropriately licensed attorney with over thirty years of experience in the areas of family law and divorce proceedings and who has attested to the "reasonable probability" that Defendant's representation of the Plaintiff fell below "the acceptable standard of care" required of attorneys in divorce proceedings. See Friedman Aff. ¶ 5.  Plaintiff's Affidavit was timely in light of this Court's extension and was properly served on Defendant via electronic filing.

    Accordingly, for the above reasons,

    **IT IS** on this **2nd** day of **March 2010**, hereby

**ORDERED** that Defendant's Motion to Dismiss is **DENIED**.

    s/Renée Marie Bumb
    RENÉE MARIE BUMB
    UNITED STATES DISTRICT JUDGE